NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGETTE G. PURNELL, | No. 20-16447 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02113-EJD |
| v. | |
| CITY OF SUNNYVALE POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.
Dissent by Chief Judge THOMAS

Georgette G. Purnell appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging claims for excessive force and

failure to render medical assistance arising out of her arrest. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003).  We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, vacate in part, and remand.

Dismissal of Purnell's claim alleging that defendants unreasonably failed to provide medical attention was proper because Purnell failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1098 (9th Cir. 2006) (officers must provide objectively reasonable post-arrest care to an apprehended suspect).

The district court did not abuse its discretion by denying Purnell's motion to compel the production of any video from the Santa Clara County Jail because Purnell failed to establish that any video was in the possession, custody, or control of defendants.  *See* Fed. R. Civ. P. 34(a) (allowing discovery of information or documents in the responding party's possession, custody, or control).

The district court excluded under the "sham affidavit rule" Purnell's declarations in support of her excessive force claim arising out of the alleged incident at the Santa Clara County jail.  However, Purnell's declaration was neither flatly contradicted by nor unambiguously inconsistent with her deposition

testimony. *See Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 999 (9th Cir. 2009). At her deposition, Purnell did testify that she could not identify "exactly who did what" to her during this incident, but she also testified several times at her deposition that defendants were present and participated in the incident. Purnell testified: "I can't tell you specifically which one did what, but I'm sure Reyes [sic (probably Reis)] was one of the officers that had their hands on me." In her declarations, Purnell stated that defendants "along with a host of jail deputies" threw her up against the wall and floor, and that defendants threw Purnell to the floor assisted by "doe deputies." Because Purnell's declarations clarified Purnell's deposition testimony, Purnell's declarations should not have been disregarded. *See Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995) ("[T]he non-moving party is not precluded from elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition; minor inconsistencies that result from an honest discrepancy, a mistake, or newly discovered evidence afford no basis for excluding an opposition affidavit.").

Nonetheless, even considering Purnell's declarations, the district court properly granted summary judgment on Purnell's excessive force claim against defendant Cheng because Purnell failed to raise a genuine dispute of material fact as to whether Cheng engaged in objectively unreasonable conduct during the alleged incident at the Santa Clara County jail. *See Pierce v. Multnomah County,*

*Or.*, 76 F.3d 1032, 1042-43 (9th Cir. 1996) (setting forth standard for an excessive force claim against an arrestee while detained in custody post-arrest but pre-arraignment).

Regarding defendant Reis, however, Reis admits that she was present during the incident but denies that she was involved in subduing Purnell, whereas Purnell testified that Reis had her hands on her. Because we cannot determine from the current record if there is a triable dispute as to whether Reis used excessive force during the alleged incident at the Santa Clara County jail, we vacate the district court's judgment as to Purnell's excessive force claim against Reis only and remand for further proceedings.

On remand, we recommend that the district court consider whether the appointment of pro bono counsel for Purnell is appropriate in this matter.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Purnell's request for judicial notice (Docket Entry No. 3) is granted.

The parties will bear their own costs on appeal.

**AFFIRMED in part; VACATED in part; and REMANDED.**



Purnell v. City of Sunnyvale Police Dep't, et al., No. 20-16447
THOMAS, Chief Judge, dissenting:

Chief Judge Thomas respectfully dissents and would affirm the judgment of the district court.